MARY A. BAIN, APPELLANT, V. JAMES A. BAIN, APPELLEE.

FILED JULY 12, 1907. No. 14,928.

Divorce. It is not ground for divorce in this state that a man asserts and exercises the right to govern his own household, or that he indulges in the habitual, if moderate, use of intoxicating liquors.

APPEAL from the district court for Otoe county: PAUL JESSEN, JUDGE. Affirmed.

*John C. Watson*, for appellant.

*W. F. Moran* and *Pitzer & Hayward*, contra.

AMES, C.

This is an action for divorce for two alleged causes, viz., habitual drunkenness and extreme cruelty. The district court denied a decree, and the plaintiff appealed.

As respects the latter charge, it appears that the wife, who is plaintiff, was indulging in profane and obscene language in the presence of a little child of the marriage, and that the husband threatened to remove her from the room and house unless she refrained from so doing, and that upon her persisting he carried out his threat, using no more force than was necessary for that purpose. She immediately returned to the room, and no other instance of violence or cruelty is alleged or proved. Afterwards, continuously down to the time of the trial, the parties continued to occupy the same house and the same room, although, she says, not the same bed.

As respects the other charge, it seems that the defendant was a frequent and perhaps habitual user of intoxicating liquors, which he often had about his person or in his room, and the plaintiff and her witnesses, daughters by a former marriage, testify that he was constantly intoxicated, but to what degree they do not attempt to describe, nor do they undertake to say that by reason of such habits he was neglectful of or abusive to his family, or wasteful of his earnings or property, or was incapacitated for the conduct of his business, which was that of a hotel or restaurant keeper. On the contrary, several disinterested witnesses, tradesmen, who had known him familiarly and who had had business with him for many years, testified that they saw him daily or frequently, and that he exhibited no evidences of such incapacitation.

It is not ground for divorce in this state that a man asserts or exercises the right to govern his own household, or that he indulges in the habitual, if moderate, use of in-

toxicating liquors.  This is the extreme of what the evi-
dence establishes in this case.  There is still a discernible
interval between the statutes of this state and the right of
free divorce, which needs to be bridged, if at all, by the
legislature, and not by the courts.

We therefore recommend that the judgment of the dis-
trict court be affirmed.

JACKSON and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing
opinion, the judgment of the district court is

AFFIRMED.